# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
EUGENE KUZINSKI, MARC CAMPANO, :
JERRY HARRIS, SHAWN JONES, : Civil Action No.
on behalf of themselves and others :
similarly situated, : 3:07CV233 (JBA)
:
              Plaintiffs, :
:
v. :
:
SCHERING CORPORATION, :
:
              Defendant. :
: JUNE 1, 2007
---------------------------------------------------------x

## STIPULATED CONFIDENTIALITY ORDER

IT IS HEREBY stipulated, by and among the undersigned attorneys for the parties to the above-captioned action, and made an Order of the Court, that this Stipulated Confidentiality Order shall apply to maintain the confidentiality of certain documents and testimony furnished or obtained in the course of this litigation;

IT IS FURTHER stipulated and made an Order of the Court that, until this Stipulated Confidentiality Order is amended or superseded, all parties and non-party witnesses shall follow the procedures set forth herein.

1. Any party or non-party witness may designate as "Confidential Material" any document, testimony, information or other material disclosed through discovery or otherwise in the course of this litigation the confidentiality of which it desires to maintain, including but not limited to: (1) financial, technical, or other information to which the recipient would not have access but for this litigation; (2) highly sensitive information, including certain information

related to personnel or customers; (3) information deemed to be proprietary; and (4) deposition testimony regarding or referencing Confidential Material.

2. Confidential Material shall be designated as such via the procedures set forth in Paragraphs 3 through 5 below. All parties and non-party witnesses shall make such designations in good faith and upon a reasonable basis. The inadvertent or unintentional disclosure of confidential information without such designation shall not be deemed a waiver in whole or in part of the disclosing party's claim of confidentiality, provided, however, that, upon discovery of the mistake, the disclosing party promptly notifies counsel of record of the appropriate designation.

3. With respect to documents, including those marked as exhibits in connection with any testimony, designation as Confidential Material shall be accomplished by stamping the word "CONFIDENTIAL" on each page of the confidential document.

4. With respect to information given in response to information requests, designation as Confidential Material shall be accomplished by labeling each confidential response as "CONFIDENTIAL."

5. With respect to deposition testimony, designation as Confidential Material shall be accomplished by stating on the record of the deposition, or in writing within 10 days after receipt of the deposition transcript, that specified testimony is Confidential Material. During the interim 10-day period, deposition transcripts shall be treated as Confidential Material in their entirety.

6. Within a reasonable time after a designation of any document, testimony, information or other material as Confidential Material is made, any party may, by motion with notice to all parties of record and in accordance with Paragraph 9 below, apply to the Court for a

ruling that the material not be so designated. The party seeking such designation shall have the burden of demonstrating to the Court why the designation is warranted. During the pendency of any such motion, the material at issue shall be treated as Confidential Material in its entirety.

7. Except upon prior written consent of the designating party or upon order of a court of competent jurisdiction, Confidential Material shall be held in strict confidence by every individual to whom it is disclosed and shall be used only for the purposes of this litigation. No party shall, for itself or for any person or persons acting on its behalf, make more copies of any Confidential Material than are reasonably necessary to conduct this litigation. Except as otherwise provided below, all Confidential Material shall remain in the possession of counsel for the respective parties and be stored in a secure location.

8. Disclosure of Confidential Material shall be limited to the following persons: (1) counsel for the respective parties, including in-house counsel and co-counsel, and those of their respective employees and assistants to whom it is reasonably necessary that Confidential Material be disclosed; (2) witnesses in the course of depositions or the trial of this action; and (3) experts and consultants, including independent experts and consultants, who are retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to be used in this litigation, and those of their respective employees and assistants to whom it is reasonably necessary that Confidential Material be disclosed, provided, however, that such experts and consultants are first provided with a copy of this Stipulation and Order and instructed to adhere to the terms thereof. Counsel for the respective parties shall maintain a list of all experts and consultants to whom Confidential Material is disclosed, a copy of which must be provided to any opposing party upon request at the conclusion of this litigation.

9. Confidential Information shall not be used or submitted to the Court in conjunction with any filing or proceeding in this litigation unless counsel believes in good faith that such use or submission is reasonably necessary to assist the Court in resolving the issue or issues before it. Whenever Confidential Material is used or submitted to the Court, it shall be marked "CONFIDENTIAL" and shall be filed pursuant to Local Rule 5(e)(2).

10. Upon termination of this litigation, all originals, copies, and summaries of Confidential Material, including those in the possession of any experts and consultants pursuant to Paragraph 8 above, shall be returned to the party or non-party witness from whom the Confidential Material was obtained, or counsel of record shall certify in writing that such material has been destroyed. Copies of Confidential Material filed pursuant to Paragraph 9 above shall be dealt with as set forth in Local Rule 5(e)(3).

11. This Stipulated Confidentiality Order may be modified or amended only by agreement of the parties or by Order of the Court for good cause shown.

FOR THE PLAINTIFFS

By: _____
David A. Slossberg (CT13116)
Andrew W. Skolnick (CT13422)
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 North Broad St.
Milford, CT 06460
Tel: (203) 877-8000
Fax: (203) 878-9800
Dslossberg@hssklaw.com
Askolnick@hssklaw.com

Eric B. Kingsley
Kingsley & Kingsley
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Tel: (818) 990-8300
Fax: (818) 990-2903

Ira Spiro
Gregory N. Karasik
Spiro Moss Barness LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
Tel: (310) 235-2468
Fax: (310) 235-2456

Charles Joseph
Michael Palmer
Joseph & Herzfeld LLP
757 Third Ave., 25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

FOR THE DEFENDANT

By: _____
Felix J. Springer (CT05700)
Douglas W. Bartinik (CT26196)
Day Pitney LLP
City Place I
185 Asylum Street
Hartford, CT 06103
Tel: (860) 275-0100
Fax: (860) 275-0343
fspringer@daypitney.com

Diana L. Hoover (PHV01867)
Robert P. Davis (PHV01866)
Richard A. Spehr (PHV01865)
Mayer Brown Rowe & Maw LLP
1675 Broadway
New York, NY 10019
Tel: (212) 506-2500
Fax: (212) 262-1910

IT IS SO ORDERED.

_____
JANET BOND ARTERTON, U.S.D.J.

Dated at New Haven, Connecticut: June 11, 2007.