UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Eugene Kuzinski, Marc Campano, Jerry Harris, and Shawn Jones on behalf of themselves and others similarly situated,<br>    *Plaintiffs*,<br><br>    *v.*<br><br>Schering Corporation,<br>    *Defendant*. | Civil No. 3:07cv233 (JBA)<br><br><br><br><br><br>April 17, 2009 |

**RULING ON PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION, *HOFFMAN-LAROCHE* NOTICE, AND EQUITABLE TOLLING [Doc. # 131] AND DEFENDANT'S MOTION FOR PERMISSION TO TAKE INTERLOCUTORY APPEAL FROM ORDER DENYING SUMMARY JUDGMENT AND TO STAY PROCEEDINGS [Doc. # 138], AND ORDER OF ADMINISTRATIVE CLOSURE**

In this suit Plaintiffs Eugene Kuzinski, Marc Campano, Jerry Harris, and Shawn Jones (collectively, "Plaintiffs") claim that Schering Corporation ("Schering" or "Defendant"), their former employer, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay them for their overtime work as pharmaceutical sales representatives ("PSRs"). Defendant moved for summary judgment on the ground that Plaintiffs fall within the FLSA's outside sales exemption [Doc. # 85], which this Court denied on March 30, 2009. *See* Ruling on Summary Judgment [Doc. # 130], --- F. Supp. 2d ----, 2009 WL 807572, 2009 U.S. Dist. LEXIS 25702 (D. Conn. Mar. 30, 2009).[1] Following the Court's Ruling on Summary Judgment, Plaintiffs moved for conditional collective action certification, *Hoffman-LaRoche* notice, and equitable tolling [Doc. # 131] and Defendant

---

[1] The factual and procedural background of this case is set forth in this Ruling.

moved for permission to take an interlocutory appeal on the denial of summary judgment and to stay proceedings for the duration of such appeal [Doc. # 138]. For the reasons that follow, Plaintiffs' motion is denied without prejudice to renew, Defendant's motion is granted, and the case will be administratively closed.

## I. Interlocutory Appeal

### A. Standards

The propriety of an interlocutory appeal is governed by 28 U.S.C. § 1292(b), under which a district court may permit an appeal of its order when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court is required to find that the order on which interlocutory appeal would be taken satisfies three criteria: first, the order must "involve[] a controlling question of law"; second, there must be "substantial ground for difference of opinion" regarding such question of law; and third, immediate appeal from the Court's order could "materially advance" the end of litigation. *See also Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006).

Even where these criteria are met, the Court retains discretion to deny permission for interlocutory appeal, mindful that "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Interlocutory appeals are disfavored, and, because the procedure "was not intended as a vehicle to provide early review of difficult rulings in hard cases," a party seeking to appeal

must demonstrate "exceptional circumstances" justifying it. *Williston*, 410 F. Supp. 2d at 276 (providing expanded discussion of "exceptional circumstances," and collecting cases) (citations omitted).

### B.  Discussion

#### 1.  *Controlling Question of Law*

The legal issue of whether PSRs fall within the FLSA outside sales exemption is a "controlling question." While the Court's conclusion that PSRs fall outside the exemption requires continuation of this litigation through trial, it is clear that had the Court reached the opposite conclusion, Plaintiffs would not be entitled to overtime wages and the litigation would terminate with summary judgment in favor of Schering. Thus, if this Court's Ruling were to be reversed on appeal, the case would be ended. "It is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). Moreover, unlike in *Koehler*, where the Second Circuit declined to consider an issue raised in a motion to dismiss and certified for interlocutory appeal because the appeal presented what was potentially "an incomplete record" and sought determination of "an ephemeral question of law that may disappear in the light of a complete and final record," 101 F.3d at 864, 866, this case presents a question of law considered at the summary judgment stage on a record fully developed through discovery. As counsel for Schering explained at oral argument, the factual basis underpinning the Court's legal conclusion presented a complete and final record:

> Well, with regard to these four plaintiffs, your Honor, if you conclude as a matter of law that there must be a direct exchange between the outside sales rep and the physician, the facts aren't going to change on that. Those facts will not change. I would disagree with that being the conclusion, obviously,

> but we can't change those facts, and if that is the ultimate ruling, that would not change.

(Oral Arg. Tr. [Doc. # 125] at 43:19–44:2.)  It is therefore clear that this proposed interlocutory appeal presents a "controlling question of law" for purposes of § 1292(b).

### 2. Substantial Ground for Difference of Opinion

As noted in the Ruling on Summary Judgment, the Court previously addressed a similar issue in *Ruggeri v. Boehringer Ingelheim, Inc.*, and similarly concluded that the plaintiff PSRs did not fall within the outside sales exemption but denied Boehringer's motion to take an interlocutory appeal of the Court's ruling on the outside sales exemption issue. *See Ruggeri v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 585 F. Supp. 2d 254 (D. Conn 2008) ("*Ruggeri I*") (holding that neither outside sales exemption nor administrative exemption applied to PSRs); *Ruggeri v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 585 F. Supp. 2d 308 (D. Conn. 2008) ("*Ruggeri II*").  Since *Ruggeri II*, however, several district courts have weighed in differently on what is essentially the identical question: do PSRs "sell" pharmaceutical products within the meaning of the FLSA, such that they fall within the FLSA's outside sales exemption?  Joining this Court and *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) (holding that PSRs "likely" fall outside the exemption) in concluding that PSRs do not make sales and thus fall outside the exemption is *Smith v. Johnson & Johnson*, No. 06-4787 (JLL), 2008 WL 5427802, 2005 U.S. Dist. LEXIS 104952 (D.N.J. Dec. 30, 2008).  Other district courts—including one within this circuit—have concluded that PSRs do make sales and that they fall within the exemption. *In re Novartis Wage and Hour Litigation*, 593 F. Supp. 2d 637 (S.D.N.Y. 2009); *Yacoubian v. Ortho-McNeil Pharmaceutical Corp.*, No. SACV 07-127-CJC (MLGx), 2009 U.S. Dist. LEXIS 27937 (C. D. Cal. Feb. 6, 2009); *Delgado v. Ortho-McNeil Primary Care, Inc.*, No.

SACV-07-263-CJC (MLGx), 2009 U.S. Dist. LEXIS 28810 (C.D. Cal. Feb. 6, 2009). The Third and Ninth Circuits also have under consideration appeals of rulings regarding the applicability of FLSA exemptions to PSRs. *See Smith v. Johnson & Johnson*, Nos. 09-1223 & 09-1292 (3d Cir. Jan 29, 2009 & Feb. 3, 2009) (appeals as to both the outside sales exemption and administrative exemption); *see also D'Este v. Bayer Corp.*, No. 07-56577 (9th Cir. Nov. 2, 2007), *Barnick v. Wyeth*, No. 07-56684 (9th Cir. Nov. 16, 2007), *Menes v. Roche Labs.*, No. 08-55286 (9th Cir. Feb. 4, 2008) (appeals involving similar exemptions under California law).

As reflected by these cases and appeals, there is now a substantial difference of opinion among federal district courts on the applicability of the FLSA outside sales exemption to PSRs employed by pharmaceutical companies. Thus, the second prong of § 1292(b) is satisfied.

### 3.    *Possible Material Advancement of End of Litigation*

There is no doubt that a ruling by the Second Circuit as to the question Defendant seeks to appeal could materially advance the end of this litigation. As explained above, reversal of the Court's determination that the outside sales exemption is inapplicable would terminate the litigation. If Defendant's motion for interlocutory appeal were denied, the Court would proceed to trial after ruling on a series of motions related to certification of a FLSA collective action; permitting Defendant to appeal now would ensure that that significant expenditure of resources would not be futile.

### 4.    *Exceptional Circumstances Justifying Appeal*

While even disagreement among district courts within a circuit as to a controlling question may not, in itself, justify interlocutory appeal, the question at issue here—whether PSRs fall within the FLSA outside sales exemption—is one of the issues which the Second

Circuit will take up in *In re Novartis*, No. 09-0437-cv (2d Cir. Feb. 2, 2009), thus demonstrating the exceptional circumstance justifying Defendant Schering's interlocutory appeal. While the appeals in this case and *In re Novartis* present very similar questions, certain differences between them justify permitting Schering's appeal.

The *In re Novartis* plaintiffs appeal the district court's conclusion that they fall within two FLSA exemptions: the outside sales exemption and the administrative exemption. If the court were to affirm *In re Novartis* it could do so as to either or both of these exemptions. This interlocutory appeal presents only the issue of the outside sales exemption. Thus, granting Schering permission to appeal affords the circuit, "in its discretion," § 1292(b), the opportunity to squarely address the controlling issue here regarding the outside sales exemption, informed by the records from two pharmaceutical industry cases, as to pharmaceutical employees' conduct vis-à-vis third parties and the regulation of PSRs' interactions with physicians.[2] Were the Second Circuit to consider Schering's interlocutory appeal in conjunction with, or in light of, its consideration of *In re Novartis*, it would consider if differences in the conduct of various pharmaceutical companies' PSRs were material, given the common regulations governing their interactions with physicians.

In sum, granting Schering permission to appeal the Court's Ruling on Summary Judgment serves to ensure the efficient expenditure of judicial resources not only at the district court, but also, in light of the *In re Novartis* appeal, at the Court of Appeals. Indeed,

---

[2] *See Ruggeri I*, 585 F. Supp. 2d at 268 (noting that physicians "do not have 'the capacity to purchase'" pharmaceutical products from PSRs, in part due to "[f]ederal regulations," and rejecting the relevance of "[t]he justification for the pharmaceutical industry's use of PSRs and direction of their efforts at physicians based on the artifact of medical and drug regulation"); *see also, e.g.*, *In re Novartis*, 593 F. Supp. 2d at 642 ("Under applicable FDA regulations, Reps are barred from selling [Novartis] drugs directly to physicians.").

6

permitting Schering's appeal now could allow the Second Circuit to permit consolidation of both appeals.[3]

## II. Collective Action Certification, Stay, and Administrative Closure

In its Status Report dated April 9, 2009 [Doc. # 141] Schering represented that it "agree[d] to voluntarily toll the running of limitations beginning March 30, 2009 and continuing through thirty days after the Second Circuit rules on Schering's interlocutory appeal or on the appeal filed from *In re Novartis Wage* [*and*] *Hour Litigation*, 593 F. Supp. 2d 637 (S.D.N.Y. 2009), whichever is later." In light of this tolling agreement, this case will be stayed and administratively closed pending disposition of these two appeals, and Plaintiffs' Motion for Conditional Collective Action Certification [Doc. # 131] is denied without prejudice to renew after conclusion of these appeals.

This matter will be restored to the active docket on motion by either party filed within 30 days following disposition of the pending appeals. Following re-opening, Plaintiffs' Motion for Conditional Collective Action Certification shall be filed in 21 days; opposition shall be filed 21 days thereafter; and any reply shall be filed 10 calendar days following opposition.[4]

---

[3] According to the Second Circuit's docket sheet, the *In re Novartis* appeal was filed on February 2, 2009, the parties' briefing is scheduled to be completed by June 8, 2009, and the case will be deemed "[r]eady" the week of August 3, 2009.

[4] The parties need not provide the Court with courtesy copies of any submissions identical to those previously filed.

### III.     Conclusion

For the foregoing reasons, Plaintiffs' Motion for Conditional Collective Action Certification, *Hoffman-LaRoche* Notice, and Equitable Tolling [Doc. # 131] is DENIED without prejudice to renew; Defendant's Motion for Permission to Take Interlocutory Appeal from Order Denying Summary Judgment and to Stay Proceedings [Doc. # 138] is GRANTED; and the case is stayed and administratively closed.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of April, 2009.